## No. 6005.

### SUCCESSION OF JOHN YOUENES.

The opponent contends that the general expenses of administration should be borne ratably by all the property, whereas they were all placed upon the proceeds of sale of one piece of property mortgaged to opponent. But it is shown by the record that said piece of property was the only real estate of the succession that was sold. The other real estate was not sold for the reason that there was no bid for it. The succession is insolvent.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. T. H. Kennedy*, for opponent and appellant. *E. Bermudez* and *A. J. Villeré*, for administrator and appellee.

TALIAFERRO, J. The administratrix of the succession having filed her final account of administration and her tableau of distribution, an opposition thereto was filed by a mortgage creditor of the estate for over eight thousand dollars. The opponent displays the various grounds of his opposition under some ten or eleven heads or divisions. The judge

*a quo* in his reasons for the judgment he rendered examined these sepa-rate divisions of the opposition *seriatim,* and, after reducing the fees of the notary from one hundred dollars to fifty dollars, and the appraiser's fees from forty-eight dollars to eight dollars, and dismissing the claim of Baquié, overruled the opposition and homologated the account and tableau. From this judgment the opponent appealed.

The opponent in his amended opposition contends that the general expenses of administration should be borne ratably by all the property, whereas they were all placed upon the proceeds of sale of the St. Ann-street property mortgaged to Donly, the opponent. But it is shown by the record that the St. Ann-street property was the only real estate of the succession that was sold. The other real estate was not sold, for the reason that there was no bid for it. The estate was utterly insolvent. The opponent purchased the St. Ann-street property, on which he held a mortgage, and in compliance with the terms of sale paid one third of the price in cash and executed two notes for the other two thirds. The taxes on all the property amounted to about twenty-five hundred dollars. In order to raise the money to pay the taxes, which was necessary to be done before title could be made, the administratrix was compelled to obtain an order of court authorizing her to have one of the notes of Donly discounted, the proceeds of which together with the cash proceeds of the sale of the mortgaged property barely sufficed to pay the taxes and general privileges. The attorney's fees, five hundred dollars, and the physician's bill, for the same amount, were strongly opposed, espe-cially the latter. It is shown that the services of the attorney were more than the ordinary routine services of opening and conducting the settle-ment of a succession of that amount. The services of the physician, too, during the last illness were shown to be worth the sum charged.

After a review of the opposition to the account and tableau of the ad-ministratrix and the grounds stated by the judge *a quo* for his decree, we find nothing in that decree to justify an alteration of it.

Judgment affirmed.